UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                              Case No. 16-cr-20499-02 & -03

v                                                        Honorable Thomas L. Ludington

D-2 DAVID ALLEN MCQUARRIE, and,
D-3 YVONNE EVELYN MCQUARRIE,

               Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Scott McQuarrie was indicted on June 13, 2016, with six counts alleging that he made false statements and converted collateral pledged for a loan he received from the Farm Service Agency (FSA). ECF No. 1. On June 8, 2017, a superseding indictment was returned which charged Scott McQuarrie with twelve counts and which named his parents, David Allen McQuarrie and Yvonne Evelyn McQuarrie, as co-Defendants in two counts. On November 1, 2017, a second superseding indictment was issued which charged the three Defendants with an additional two counts, for a total of fourteen counts. ECF No. 42. On January 10, 2018, and February 14, 2018, third and fourth superseding indictments were issued. ECF No. 76, 103. A trial on the fourth superseding indictment was held in late March of 2018.

Two days before jury selection occurred, Scott McQuarrie filed a motion to dismiss Count Four of the fourth superseding indictment. ECF No. 130. Given the temporal proximity between the filing of the motion to dismiss and the beginning of trial, Count Four was severed. The jury acquitted Scott McQuarrie of Count Nine and convicted him of the remaining counts, leaving

Count Four as the only unresolved count. ECF No. 148.[1] David and Yvonne McQuarrie were each convicted of Counts Eleven, Twelve, and Fourteen, but acquitted of Count Thirteen. ECF No. 150, 152.

On April 11, 2018, Defendants David and Yvonne McQuarrie filed two joint motions. In the first, David and Yvonne McQuarrie move for a judgment of acquittal. ECF No. 166. In the second, they request a new trial. ECF No. 167. On the same day, Defendant Scott McQuarrie filed a motion for acquittal and a new trial. ECF No. 168. The motions were denied on July 17, 2018. ECF No. 204. On July 23, 2018, Defendants David and Yvonne McQuarrie filed a motion for reconsideration of that order. ECF No. 209. Specifically, they argue that the Court's prior opinion did not address an argument Defendants had raised in their motions for a new trial or for acquittal. Because the Court did consider and reject that argument, and because Defendants have not identified an erroneous evidentiary ruling which affected the outcome of trial, the motion for reconsideration will be denied.

**I.**

Plaintiffs have filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v.*

---

[1] On May 7, 2018, the Court issued an order denying the motion to dismiss Count Four because the offense charged therein was not barred by the statute of limitations. ECF No. 181. A bench trial was held on May 22, 2018, and Scott McQuarrie was convicted of Count Four at its conclusion.

<pre>                                    - 2 -</pre>

*Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## II.

### A.

Defendants David and Yvonne McQuarrie argued in their motion for a new trial that the Court erred when it denied Defendants' proffer of "proposed Ex. M-4" from admission into evidence.

> This exhibit, from the Quicken books maintained by Yvonne McQuarrie, listed payments that were made from 2011 to 2015 on behalf of Scott McQuarrie. Far from showing concealment of Scott's assets, this exhibit showed that more money was paid out of the accounts of Yvonne and David McQuarrie than were deposited into the account by Scott. The total amount of payments during this period shown by this exhibit is $509,948.06.

Mot. New Trial at 6–7, ECF No. 167.

Defendants argued that this evidence, in conjunction with evidence that Scott McQuarrie was also in debt to his parents,

> provided a plausible, non-fraudulent, explanation as to why David McQuarrie would have taken possession of some of Scott's equipment. It also provided historical information that supported the defense position that David and Yvonne McQuarrie were providing support to Scott and that, far from concealing his assets, that [sic] were attempting to help him pay his debts. The Quickbooks records would have established that the payments to Scott's creditors exceeded the amounts he was depositing in his parents' accounts and, at the least, created considerable doubt that the use of these accounts was intended by David or Yvonne McQuarrie to defeat the provisions of the bankruptcy code.

*Id.* at 8.

This argument was addressed on Page 12 of the order denying the motions for acquittal and for a new trial:

All three Defendants argue that the Court erred when it refused to permit introduction of evidence that Scott McQuarrie was in debt to his parents, despite the fact that Scott never identified his parents as creditors and his parents never filed a proof of claim in the bankruptcy proceedings. More specifically, David and Yvonne wished to admit an unauthenticated summary purportedly showing that David and Yvonne McQuarrie paid more money *to* Scott between 2011 and 2015 than Scott paid to them. The argument was carefully considered and the evidence was excluded because even if it was marginally relevant, the danger of unfair prejudice, jury confusion, and undue delay justified its exclusion pursuant to Federal Rule of Evidence 403.

And, as the Government asserts, this theory simply provides David and Yvonne McQuarrie with an additional motive for concealing Scott McQuarrie's assets from creditors who would have had priority over them. Given Scott McQuarrie's continual financial struggles and his large debt to his parents (taking Defendants' theory as true), David and Yvonne could scarcely claim ignorance that Scott McQuarrie owed considerable sums to other creditors. When the fact that David and Yvonne paid for both of Scott McQuarrie's bankruptcy proceedings is considered, the defense theory becomes incredible. While the evidence might have caused the jury to identify with the challenges of dealing with an undisciplined child, counsel could never identify why the evidence (even if they could have identified a means of authenticating the evidence) was capable of supporting a relevant defense. Defendants have provided no reason to believe that the exclusion of this evidence influenced the outcome of the trial.

Order Deny Mots. New Trial Acq. At 12, ECF No. 204.

**B.**

While Defendants' argument was addressed, several points warrant reiteration.

First, the contents and presentation of proposed exhibit M-4 were more than problematic. Defendants attempted to present the proposed exhibit using a government witness during presentation of the government's case. They offered no witnesses to authenticate the exhibit during their case. In the upper left corner of each page of the twenty page computer printout, it displays a creation date of "1/25/2018." Defendants' trial began on February 6, 2018. The document appeared to have been created in preparation for trial and not used and maintained during the time period in question. It also lacked any indication of who prepared the document and Defendants' counsel has never identified the author or creator. The search terms used to create the document have never

been explained. Moreover, the exhibit did not present the information counsel argued that it did. It does not reflect the source of the funds that were purportedly paid on Scott McQuarrie's behalf. It is a confusing spreadsheet of numbers with no explanation nor guide for interpretation.

Second, the Defendants have never established the documents' relevance to the case or to a defense. Defendants' most recent argument in their motion is that that the excluded evidence was relevant to the question of intent: that is, did David and Yvonne innocently allow "their son to use their [bank] accounts." ECF No. 209 at 4. They argued during trial that it was relevant to demonstrate to the jury that Scott had taken advantage of them as well – that he received more financial assistance from his parents than he returned. But Defendants were not charged with wrongfully letting their son use their bank accounts. On the contrary, with respect to Count 11, the jury found that from October of 2013 to April of 2015, all three Defendants "knowingly and fraudulently transferred or concealed Scott McQuarrie's assets in contemplation of Scott McQuarrie filing for bankruptcy or with the intent to defeat the bankruptcy code." ECF No. 150; ECF No. 152. In Count 12, the Jury found that at least from February of 2014 to April of 2015, that all three McQuarries knowingly conspired to commit bankruptcy fraud by committing at least one of eleven overt acts specified in the indictment.[2] *Id.* That is, the jury found Defendants responsible for selling FSA's collateral in contemplation of the bankruptcy and attempting to hide the assets or the proceeds of sale. The fact that David and Yvonne McQuarrie may have provided more money to their son than they received in return has no relevance to the charged offenses of concealing assets pledged by Scott McQuarrie to FSA from the bankruptcy court. Under Rule 401,

---

[2] In summary, the sale of the Kobelco SK160 excavator for $80,000 on May 27, 2014 and the subsequent use of the funds. Similarly the sale of livestock, the Kelly Ryan Ag Bagger, and the Kubota skid steer between May of 2014 and April of 2015. The initial bankruptcy proceeding was filed on February 3, 2014 with a later Chapter 7 filing on September 25, 2014.

M-4 lacks relevance to the case, could not support a defense for the Defendants, and should not have been admitted. Fed. R. Evid. 401.

Rather, M-4 appeared targeted to appeal to an element of personal bias or prejudice. It suggested that the Defendants innocently sought to help their son and that the jury should consider their role as victims of Scott's behavior as well. And while it might be true that David and Yvonne McQuarrie were also victims of Scott's behavior, that has nothing to do with either the charges or the evidence furnished by the Government – the Defendants' collective injury to the FSA and the affront to the legitimacy of the bankruptcy court proceedings. It is also highly likely that M-4 would confuse jurors, even if the jurors had an understanding of accounting. It is a twenty page compilation of unexplained data. It is highly unlikely that the jury would be able to understand its contents.

It is well established that a criminal defendant has the "right to present a meaningful and complete criminal defense." *Vesey v. McQuiggin,* 587 Fed.Appx. 966, 972 (6th Cir. 2014). However, this right does not permit a defendant to disregard rules of procedure and evidence. In *Chambers v. Mississippi*, the Supreme Court held,

> In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.

*Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). Defendants have a right to present evidence in their defense, but this does not expand to unauthenticated irrelevant evidence. M-4 is inadmissible under Rule 401 because it lacks relevance. Fed. R. Evid. 401. Its exclusion did not violate Defendants' right to present a defense and David and Yvonne McQuarrie have not advanced any reason to believe that the exclusion of M-4 influenced the outcome of the trial.

**III.**

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 209, is **DENIED.**

Dated: August 27, 2018                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager